## CIRCUIT COURT OF WESTMORELAND COUNTY

Douglas Janney
and Mary Janney

v.

Westmoreland County
and the Town of
Colonial Beach

Case No. 01-113

BY JUDGE HARRY T. TALIAFERRO, III

April 2, 2002

This matter came to be heard upon the Demurrer filed by the Westmoreland County Board of Supervisors to the Motion for Declaratory Judgment and Other Relief filed by the plaintiffs, Douglas and Mary Janney, and to the Cross-Bill of the Town of Colonial Beach seeking the same relief as Mr. and Mrs. Janney.

In considering a Demurrer, the Court must decide whether the Janneys (and the Town of Colonial Beach in their Cross-Bill) have failed to state a claim upon which relief can be granted. The Court must accept every allegation in the Janneys' Motion for Declaratory Judgment and the Town's Cross-Bill as true. The Town's Cross-Bill incorporates all the allegations and exhibits contained in the Janneys' Motion for Declaratory Judgment.

Count I of the Janneys' Motion for Declaratory Judgment alleges that the County does not operate a sewage system or provide sewerage services, other than to participate in a sewer authority in the vicinity of the Town of Montross. Pursuant to Va. Code § 15.2-2126, a town proposing to construct or expand a sewage system shall not be required to provide notice in writing or in person to a county if the county itself does not operate a sewage system or provide sewerage services. Articles II and III of Chapter 51 of Title 15.2

pertain to the creation and function of authorities which would include water and sewer authorities. Section 15.2-5102 provides that any such authority "shall be a public body politic and corporate." Section 15.2-5114 provides that each authority is an instrumentality exercising public and essential governmental functions to provide for the public health and welfare. The same section goes on to list numerous independent powers of an authority. According to § 15.2-5113, these powers shall be exercised by an authority board of five members or more. It is the conclusion of the Court based upon statutory authority and case law in the Commonwealth of Virginia that, although an authority may be created by a county or other local government, it is a separate independent corporate political entity. Although Westmoreland County may have joined in the creation of the Montross-Westmoreland Sanitary Sewer District, it is the authority which operates and provides sewer services, not the county.

The Court also finds that the County's participation in the sewage system for Coles Point, an area in Westmoreland County quite remote from the Town of Colonial Beach, which project is currently in the planning and acquisition phase, does not constitute either the operation of a sewage system or the providing of sewerage services. According to documents attached as exhibits to the Janneys' pleadings, this system is still several years away from operation.

The Court finds that pursuant to § 15.2-2126, the Town of Colonial Beach is exempt from providing notice in writing or in person to Westmoreland County for the extension of its sewage system into Westmoreland County to a point where it would serve the property of the Janneys.

The County also argues in its Demurrer that, in the attachments to the Janneys' Motion for Declaratory Judgment, it is stated that the County has adopted a master plan for a sewage system and that, therefore, under § 15.2-2128, it may deny an application for a sewage system if such denial appears to be in the best interest of the inhabitants of the County. This Section presupposes that there is an application before the County which it might deny. Because the County does not operate or provide sewage services, the Town is not required as stated above to notify the County in writing or to appear at a regular meeting of the Supervisors of Westmoreland County to provide notice in person. The Court reasons that if the Town does not even have to notify the County, then there is no application from the Town which the County could deny under § 15.2-2128.

The Court overrules the Demurrer of the County to the Janneys' Motion for Declaratory Judgment and to the Town's Cross-Bill.

.As stated by the Court at the conclusion of oral argument on Friday, March 29, 2002, the Court is only ruling on the Demurrers and not on the Motions for Summary Judgment. The Court does not believe at this time that the litigation is in a posture where summary judgment would be appropriate for any party.

June 24, 2002

The Court in this letter rules upon the complainants' following motions:

(1) Motion for Summary Judgment filed on May 9, 2002;

(2) Motion to overrule the objections of and to compel responses from discovery propounded by the Janneys to the respondent, Westmoreland County Board of Supervisors (herein called "the County" ) and to rule on the sufficiency of the County's answer to the Janneys' first request for admissions filed on May 9, 2002; and

(3) Motion for Summary Judgment as to Count II filed on May 17, 2002.

*The Janneys' Motions for Summary Judgment*

In issuing its opinion letter dated April 2, 2002, this Court overruled the County's Demurrer on very narrow grounds. The Court addressed the issue of sewer construction only. It found that, because the County did not operate a sewage system or provide sewerage services, the Town of Colonial Beach (herein called "the Town" ) was exempt from giving the County notice either in writing or in person of the intention to extend sewer lines into the County. This Court further opined that, since the County was not entitled to notice, there would be no "application" which the County could deny based upon the best interests of the inhabitants of the County or Town. All these issues arose under Article 4 of Chapter 21 of Title 15.2, which pertains exclusively to the extension of sewer lines

The prior opinion letter of this Court did not go into issues regarding County approval of the extension of the Town's water system into the County, which is regulated by statutes set forth in Article 6 of Chapter 21 of Title 15.2. The rules regarding notice of the extension of water lines are different from those relating to extension of sewer lines.

Under Rule 2:21, the Court has the authority after the parties are at issue to enter a summary judgment if it appears from the pleadings, the orders, and the admissions that the moving party is entitled to judgment. The Rule further states that summary judgment shall not be entered if any material fact is genuinely in dispute.

The County's Answer to the Janneys' Motion for Declaratory Judgment and to the Cross-Bill of the Town setting forth the same allegations denies certain material factual issues beyond the scope of the Order of this Court entered on April 9, 2002, and the Admissions made by the County in response to discovery.

The Court finds there are material issues still in dispute. The Janneys' motions for summary judgment are denied.

### *The Janneys' Objection to Discovery Provided by the County*

The County has raised certain objections to the discovery propounded to it by the Janneys. According to the Motion to overrule such objections filed by the Janneys, the Court will address each of these objections independently.

(1) In its first interrogatory, the Janneys have requested the County to describe in detail the factual and legal basis for the response to any request for admission that is not an unqualified "admit" and has further requested identification of any documents supporting such response. The County has objected on the grounds that the request called for legal conclusions which will be decided by the Court. Rule 4:11 is clear that the subject of request for admissions may relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Rule 4:8(e) gives the Court discretion to overrule objections to interrogatories because the answer involves an opinion or contention that relates to facts or the application of law to fact. The Court overrules the County's objections; however, the Court further rules that the County need not include identification of any document supporting its response if such document was attached as an exhibit to the Janneys' original Motion for Declaratory Judgment.

(2) The County objected to the Janneys' second interrogatory which asked for extensive information regarding the development of the sewerage system at Coles Point. The Court grants the objection in part and denies the objection in part. Literally complying with this interrogatory would require the County to produce reams of documents including numerous deeds of easements across subdivision lots in Coles Point. This would be burdensome and bear little relevancy to this action. The Court will require the County to provide the Janneys with the basic description of the construction plans, the contents of any contracts entered into by the County for the construction of the system, the anticipated start date of construction (or the start date if construction has already begun), the estimated date of completion of the system, and the identity of the entity which will operate the system.